IN THE UNITED STATES DISTRICT COURT
CONNECTICUT DISTRICT OF CONNECTICUT

| | |
|---|---|
| GRACE ESTEPHAN, ADMINISTRATOR OF THE ESTATE OF ANTOINE ESTEPHAN,<br><br>Plaintiff,<br><br>v.<br><br>DEARBORN LIFE INSURANCE COMPANY D/B/A DEARBORN GROUP,<br><br>Defendant. | CIVIL ACTION NO.:<br>_____ |

TO:   CLERK OF COURT

## NOTICE OF REMOVAL

Defendant, Dearborn Life Insurance Company, removes this case from the Superior Court of Connecticut, Judicial District of New London, Docket No. KNL CV26-6079996-S to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1331, § 1367, § 1441, and 29 U.S.C. § 1132.

I.

This removal is based upon federal question jurisdiction under 28 U.S.C. § 1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. (hereafter "ERISA"), as well as supplemental jurisdiction under 28 U.S.C. § 1367.

II.

On or about December 8, 2025, Plaintiff Grace Estephan, individually and as Administrator of the Estate of Antoine Estephan ("Plaintiff") filed an action in the Superior Court of Connecticut, Judicial District of New London.

III.

This case is a civil action over which the United States District Court for the District of Connecticut has original jurisdiction under 28 U.S.C. § 1331, § 1367, and 29 U.S.C. § 1132, and is thus one that may be removed pursuant to 28 U.S.C. § 1441.

IV.

This Court has federal question jurisdiction over the action because the Plaintiff, as an alleged beneficiary under an employee welfare benefit plan, makes claims that come within the scope of ERISA's exclusive enforcement mechanism. The plan is controlled by ERISA because:

a. Mashantucket Pequot Gaming Enterprise maintained an employee welfare benefit plan, in which the Plaintiff, was covered and was a participant in the plan;

b. The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. § 1002(5) (defining an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan ….");

b. The plan was established and is maintained for the purpose of providing, among other things, term life insurance and accidental death and dismemberment benefits for participants in the plan. *See Complaint*, (stating "As part of his employment, decedent was offered, and he purchased a policy of life insurance known as Accidental Death and Dismemberment through the defendant." (Exhibit A, p. 1 of Complaint.)

d. The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

Plaintiff states that on or around July 2, 2024, decedent died because of an accidental death. (Exhibit A, p. 1 of Complaint.) Plaintiff seeks benefits under Mashantucket Pequot Gaming's ERISA-governed plan relating to Mr. Estephan's death.

V.

To the extent Plaintiff alleges any non-ERISA claims that are not subject to preemption, this Court has supplemental jurisdiction over any claims not within the scope of ERISA § 1132(a)

because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

V.

This action is therefore one of which the United States District Court for the District of Connecticut has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(b), as well as supplemental jurisdiction under 28 U.S.C. § 1367, and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b). New London is within the venue of the United States District Court for the District of Connecticut.

VI.

This petition is being filed pursuant to 28 U.S.C. § 1446 within 30 days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

a. The time for filing this petition under 28 U.S.C. § 1446 has not expired. Dearborn was served with a copy of the summons and complaint on December 16, 2025.

b. To the extent that Plaintiff has crafted her pleading based upon state law causes of action, claims and/or theories of recovery, the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), established that state law claims such as those asserted by the Plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. § 1132, provides the Plaintiff' exclusive cause of action and displaces entirely any state cause of action, thus rendering the Plaintiff' case, however pleaded, exclusively a federal question case removable to this Court. Complete preemption under ERISA is an exception to the well-pleaded complaint rule;

c. To the extent any of the Plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

VII.

Therefore, Dearborn files this Notice of Removal of this action from the Superior Court of Connecticut, Judicial District of New London, in which it is now pending, to the United States District Court for the District of Connecticut. There are attached to this notice, marked as **Exhibit A** and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon Dearborn in this action.

## VIII.

Also attached to this notice, marked as **Exhibit B** and incorporated by reference, is a true and correct copy of the Notice of Filing Notice of Removal that will be filed (without exhibits) with the Superior Court of Connecticut, Judicial District of New London.

Lastly, attached to this notice, marked as **Exhibit C** and incorporated by reference, is a true and correct copy of Dearborn's Basic Life Insurance Policy.

WHEREFORE, Dearborn notifies this Court of the removal of this action from the Superior Court of Connecticut, Judicial District of New London, to the United States District Court for the District of Connecticut.

Dated: January 15, 2026

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        /s/ Michael S. O'Malley
        Michael S. O'Malley, #445179
        Two Stamford Plaza
        281 Tresser Boulevard, Suite 602
        Stamford, Connecticut 06901-3284
        Telephone: 203-969-3100
        Facsimile: 203-969-3150
        Michael.O'Malley@ogletree.com

        Attorneys for Defendant Dearborn Life
        Insurance Company d/b/a Dearborn
        Group

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

    Lorenzo J. Cicchiello
    Cicchiello & Cicchiello
    582 West Main St.
    Norwich, CT 06360
    Lorenzo.cicchiello@yahoo.com

        /s/ Michael S. O'Malley
        Michael S. O'Malley